**FILED**

MAR - 9 2010

Clerk, U.S. District and
Bankruptcy Courts

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

---

Paul Rangolan,

     Plaintiff,

     v.

Dep't of Homeland Security, United States
Customs and Border Protection,

     Defendant.

Civil Action No. **10 0391**

---

### MEMORANDUM OPINION

Plaintiff Paul Rangolan has filed a pro se complaint and an application to proceed in

forma pauperis. The application will be granted and the complaint dismissed for lack of subject

matter jurisdiction.

Plaintiff seeks the return of $4281 in currency seized by Customs and Border Protection

("CBP") agents in June 2004 in connection with a drug investigation and prosecution. Compl.

at 1-2. Attached to the complaint is a letter dated July 21, 2004, from Julie E. Bedenbaugh, a

CBP official to the plaintiff ("Bedenbaugh Letter"), stating that U.S. Immigration and Customs

Enforcement ("ICE") agents had seized $4281 and other items on June 3, 2004. *Id.,* Att. The

Bedenbaugh Letter also states that the property seized is subject to civil forfeiture, and sets forth

the plaintiff's legal options and related deadlines with respect to the seized property. *Id.* One of

the options listed is to "file a petition for relief from the seizure within 30 days . . . ." *Id.*

Another option listed is to "do nothing. If you take no action . . . [CBP] will immediately

commence administrative forfeiture proceedings under the legal authority of [19 U.S.C. § 1607

and 19 C.F.R. § 162]." *Id.* The complaint explains that plaintiff took no action at that time

*N*

*3*

because the plaintiff was focused on his criminal trial for drug-related charges[1] and did not have funds to hire to an attorney to represent him on the forfeiture matter. Compl. at 2. Plaintiff does not assert that he did not receive timely or sufficient notice of the proposed forfeiture of the currency.

A federal court has no jurisdiction over a suit against the federal government unless the Congress has waived the government's sovereign immunity from suit, because "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A federal court must examine whether it has jurisdiction whenever there is any doubt on the matter. *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982).

The Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. §§ 981, 983, authorizes the civil forfeiture of moneys traceable to an illegal drug transaction. *Id.; Lopez v. United States*, 2006 WL 2788999, at *10 (D.D.C. Sept. 26, 2006). While some civil forfeitures under the CAFRA are judicial, "the CAFRA also permits certain assets to be forfeited in an administrative procedure upon compliance with certain conditions. . . . One of those conditions is that persons who might have a claim of ownership of the asset must be given notice of their right to contest the forfeiture before a federal court." *McKinney v. U.S. Dep't of Justice Drug Enforcement Admin.*, 580 F. Supp. 2d 1, 3 (D.D.C. 2008) (citing 18 U.S.C. § 983(a)(1)).[2] In this case, it is

---

[1] Rangolan pled guilty to using, carrying and possessing a pistol during a drug trafficking offense, and to illegal re-entry of an alien following conviction for an aggravated felony. *See* Judgment, *United States v. Rangolan,* Crim. No. 04-271-02 (D.D.C. Sept. 27, 2006).

[2] As this court has explained elsewhere:

[W]hen the Government seizes certain property, including monetary instruments,

clear from the Bedenbaugh Letter attached to the complaint that the CBP gave notice to

Rangolan of the proposed forfeiture and informed him of his rights, including his right to contest

the forfeiture before a federal court, in compliance with 18 U.S.C. § 983(a)(1). *See* Bedenbaugh

Letter. Rangolan does not assert the contrary. Rangolan waived his right to judicial review when

he let the deadline pass without filing a claim with the CBP and he cannot now attack the duly

noticed administrative forfeiture by filing a civil complaint in this Court. The CAFRA's

"exclusive remedy" for setting aside a forfeiture is by motion, 18 U.S.C. § 983(3)(5), which

remedy is available only to persons who were "entitled to written notice in any nonjudicial civil

forfeiture proceeding under a civil forfeiture statute who [did] not receive such notice . . . ," 18

U.S.C. § 983(e)(1). Rangolan is not within the category of persons who were entitled to, but did

not receive, written notice of the administrative forfeiture proceedings. Therefore, he is not

eligible to make a motion under § 983(e)(1). In other words, the United States has unequivocally

---

valued at less than $500,000, [it] may forego judicial proceedings and proceed by
administrative forfeiture. *See* 19 U.S.C. §§ 1607- 1609. . . . Administrative
forfeiture is a device that permits the United States to ... take ownership [of
property in its custody] without the trouble and expense of court proceedings."
*Small v. United States,* 136 F.3d 1334, 1335 (D.C. Cir. 1998). It is "conducted
wholly outside the judicial system" and consists of no more than notice by the
Government that it intends to forfeit the property, followed by default on the part
of the party whose property has been seized. *Kadonsky v. United States,* 216 F.3d
499, 503 (5th Cir. 2000). The government initiates administrative forfeiture
proceedings by sending out a notice to persons with an interest in the seized
property. The government completes administrative forfeiture when the interested
party fails to contest forfeiture within a certain period of time. *See Kadonsky,* 216
F.3d at 503; *United States v. Dusenbery,* 201 F.3d 763, 765-66 (6th Cir. 2000).
An administrative forfeiture has the same force and effect as a final decree and
order of forfeiture in a judicial forfeiture proceeding. *See* 19 U.S.C. 1609(b) . . . .

Lopez, 2006 WL 2788999, at *10 (footnote omitted).

expressed its consent to be sued to set aside an administrative forfeiture only if the notice was

faulty, and Rangolan has not alleged, and it does not appear, that the notice was faulty.

Accordingly, this complaint will be dismissed for lack of subject matter jurisdiction.

    A separate order accompanies this memorandum opinion.


Date: 2/7/2010

*Henry Kennedy*
United States District Judge